IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Morinelli,                          :
                    Petitioner              :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :    No. 241 C.D. 2025
                    Respondent              :    Submitted: June 16, 2026


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE STELLA M. TSAI, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED:  August 4, 2026


            Anthony Morinelli (Claimant) petitions this Court, pro se, for review of
the Unemployment Compensation (UC) Board of Review's (UCBR) January 28,
2025 order affirming the Referee's decision that upheld the Erie UC Service Center's
(UC Service Center) determinations that denied Claimant UC benefits under Section
402(b) of the UC Law (Law),[1] and assessed a non-fault overpayment pursuant to
Section 804(b) of the Law.[2]  The sole issue before this Court is whether the UCBR
properly denied Claimant UC benefits.[3]  After review, this Court affirms.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(b) (relating to leaving work without cause of a necessitous and compelling nature).

[2] 43 P.S. § 874(b) (relating to recovery and recoupment of non-fault overpayment of UC
benefits).

[3] Claimant did not file a brief; rather, he filed a compilation of three letters: (1) a cover
letter requesting that this Court dismiss the appeal before it takes even more time, effort, and public
money because it has already cost more than the amount in question; (2) his initial communication
to this Court; and (3) his letter appealing from the Referee's decision to the UCBR.  Although
technically, this Court could determine that Claimant waived all issues because he failed to follow

DB Bruno Brothers (Employer) employed Claimant part-time from September 1, 2022 until August 11, 2023.  Claimant voluntarily left that job because he did not agree with his new manager's policy of no longer weighing ingredients before making sandwiches, but, rather, putting on each sandwich simply an amount that looked good.  Claimant applied for UC benefits with an effective date of December 17, 2023, and the Department of Labor and Industry (Department) determined that he was financially eligible for UC benefits.  Thereafter, Claimant filed for and received benefits for the compensable weeks ending December 30, 2023 through June 29, 2024, for a total amount of $3,024.00.

However, on July 31, 2024, the UC Service Center notified Claimant that he was not eligible for UC benefits under Section 402(b) of the Law.  Also on July 31, 2024, the UC Service Center notified Claimant that a non-fault overpayment had been established in the amount of $3,024.00.  Claimant appealed from both determinations.  On November 26, 2024, a Referee held a hearing which neither Employer nor Claimant attended, despite having received notice thereof.  On November 27, 2024, the Referee affirmed the UC Service Center's determinations because the competent evidence before the Referee indicated that Claimant voluntarily quit the employment and Claimant did not appear to offer testimony or evidence, and there was no competent evidence in the record to support a finding that Claimant's reason for leaving employment was of a necessitous and compelling reason.  As such, the Referee determined that Claimant was ineligible for UC benefits under Section 402(b) of the Law.  Further, because Claimant received benefits to which he was not entitled through no fault of his own for a total amount of $3,024.00, the Referee ruled that a non-fault overpayment in the amount of

the Pennsylvania Rules of Appellate Procedure (Rules), *see* Rules 2116(a) and 2119(a), Pa.R.A.P. 2116(a), 2119(a), this Court is able to decipher the issue before it and will address the same.

$3,024.00 existed, which is recoupable under the provisions of Section 804(b) of the Law.

> That same day, Claimant emailed the Department stating:
>
> I was under the impression that I was to have a phone hearing yesterday, November 26, [2024,] at 9:15 a[.]m.
>
> I have since learned that it was supposed to be an in-person hearing.
>
> I would never have made such a[n] appointment.
>
> Please, resch[e]dule me for a phone interview.

Certified Record (C.R.) at 140. The Department responded:

> It is noted on the Notice[s] of Hearing –
>
> Please check your Notice[s] of Hearing for appearance type to see if you are to appear in person or by phone.
>
> Yesterday's hearing has already been conducted and a decision issued. Another hearing cannot be scheduled.
>
> Attachment of this message is the decision – If you do not agree and wish to file a further appeal – Please follow the instructions at the end of the decision. It is time-sensitive. You only have 21 days after the issuance of the decision to file timely – final date to file a timely appeal in the upper right hand corner.
>
> Will add your message to the case file.

*Id*. (emphasis added). Claimant appealed from the Referee's decision to the UCBR. However, in his notice of appeal, Claimant did not request a hearing or explain his reasons for his absence; instead, he discussed the merits of his eligibility.

On January 28, 2025, the UCBR affirmed the Referee's decision, concluding:

> [C]laimant did not offer a reason for his nonappearance in his appeal to the [UCBR]. The P[ennsylvania] Supreme Court has held that the [UCBR] cannot remand on the

3

merits when the non-appearing party didn't offer a reason for the nonappearance at a first hearing in writing. Because [] [C]laimant did not appear at the hearing to testify under oath, the [UCBR] cannot consider his version of the events. The [UCBR] cannot consider evidence that was not submitted into the record at the Referee's hearing, as it is considered extra-record.

[] [C]laimant is not required to repay the overpayment at this time. Rather, it will be deducted at one-third from any future benefits [] [C]laimant is entitled to in the three years after his benefit year.

C.R. at 158. Claimant appealed to this Court.[4]

Initially, Section 101.51 of the Department's Regulations provides:

If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in the party's absence. If the appellant fails to appear for the hearing, the tribunal may take action it deems appropriate, including dismissal of the appeal. In the absence of all parties, the decision may be based upon the competent evidence of record or the appeal may be dismissed.

34 Pa. Code § 101.51.

Here, Claimant did not request a remand or rehearing when he appealed to the UCBR. In his initial communication to this Court requesting an appeal from the UCBR's order, Claimant reiterated: "I missed the in-person appointment at 11[:00] a[.]m[.] because I thought my hearing was to be by phone at that time. At 75, my eyesight is not all that clear. I did not realize that the appointment was in person." Initial Commc'n.

---

[4] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the agency's practices or procedures were violated, or whether the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

"[T]his Court has repeatedly held that a party's own negligence is not sufficient good cause as a matter of law for failing to appear at a Referee's hearing." *Eat'N Park Hosp. Grp., Inc. v. Unemployment Comp. Bd. of Rev.*, 970 A.2d 492, 494-95 (Pa. Cmwlth. 2008) (quotation marks omitted); *see also Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985) ("[A] claimant's own negligence is insufficient 'proper cause,' as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing."). Thus, even if Claimant had "offer[ed] a reason for [his] nonappearance[,]" C.R. at 158, he did not have "proper cause" for his absence. 34 Pa. Code § 101.51. In the absence of proper cause for Claimant's failure to attend the Referee hearing, the Referee properly decided the case "based upon the pertinent available records." 34 Pa. Code § 101.51. Accordingly, the UCBR properly affirmed the Referee's decision.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Morinelli,             :
          Petitioner      :
                         :
          v.                :
                         :
Unemployment Compensation  :
Board of Review,         :   No. 241 C.D. 2025
          Respondent   :

## O R D E R

AND NOW, this 4th day of August, 2026, the Unemployment Compensation Board of Review's January 28, 2025 order is affirmed.

 

 

_____
ANNE E. COVEY, Judge